# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:07-cr-270-RLH-GWF |
| vs. | **O R D E R** |
| | (Motion to Vacate Under §2255–#154) |
| THOMAS COMANS III, | (Second Motion to Vacate–#159) |
| | (Motion to Dismiss Defendant's Motion–#161) |
| Defendant. | (First Motion to Transfer Documents–#166) |

**NOTICE IN CLARIFICATION**

Attorney Bruce W. Nickerson, of San Carlos, California, has expressed and demonstrated confusion about his status in this case. His actions have caused confusion among Court and Clerk of Court personnel. This ORDER and NOTICE is designed to clarify the confusion for all.

Following Mr. Comans' conviction, his then appointed attorney, Gabriel Grasso sought and obtained an order of withdrawal. Mr. Comans subsequently retained Joseph Rhea or others to represent him on his appeal to the Ninth Circuit Court of Appeal.

Subsequent to the above, Bruce Nickerson, Esq., filed a Petition for Habeas Corpus with this Court, which was given a civil number (2:12-cv-034-GMN-GWF), as is the practice with habeas filings. Concurrent therewith Mr. Nickerson filed a Petition for Permission to Practice in That Case Only (#2, filed January 9, 2012). The case was assigned to U.S. District Judge Gloria M. Navarro. Judge Navarro issued an Order (#4) that the Petition for Permission to Practice Pro Hac Vice and Designation of Local Counsel be denied. She also issued an Order (#6) that the Petition for Habeas Corpus should more appropriately be filed as a 28 U.S.C. §2255 motion in the criminal case.

Mr. Nickerson now asks that he be permitted to practice, pro hac vice, in this case. However, he has not been approved to practice in this case. Aside from the problems in his past, his petition was only approved by Mr. Grasso, who is no longer attorney of record in this case. In fact, the Defendant Comans appealed this Court's refusal to fire Mr. Grasso as his counsel for the retrial of this case. After the verdict, Mr. Grasso moved to withdraw and was given permission to do so. He has never sought nor obtained permission of Comans or this Court to return as counsel for Comans.

Mr. Nickerson's Petition for Permission was purportedly approved by Grasso, who is no longer Comans' attorney, but is not signed by the Defendant himself. Notwithstanding Grasso's lack of standing as an attorney, he filed a motion to transfer the documents, including the Petition for Permission, from Judge Navarro's case to this case.

Actually, Mr. Grasso, after he was granted his motion to withdraw and although counsel proceeded with the appeal (The Ninth Circuit affirmed Defendant Comans' conviction), filed a **Motion to Vacate Under 28 U.S.C. §2255** (#154) on February 22, 2012. He then filed a **Second Motion to Vacate Under 28 U.S.C. §2255** (#159) on February 23, 2012, without permission of the Circuit Court. Following which the Government filed a **Motion to Dismiss Defendant's 28 U.S.C. §2255 Motion** (#161) on March 23, 2012. Finally, Mr Grasso filed the above **Motion to Transfer Pro Hac Vice Documents from 2:12-cv-034-GWN-GWF** (#166) on April 19, 2012.

The Court failed to note that the motions were filed by Mr. Grasso who was not counsel of record and has issued orders regarding the above motions and their treatment. The Court understands why Mr. Nickerson and the Clerk of Court's office is confused. It will try to clarify the matter.

First, Mr. Grasso is not the attorney of record, and is not authorized to file motions on behalf of Mr. Comans, nor authorize pro hac vice petitions by out-of-state counsel. Therefore the motions filed by Mr. Grasso are inappropriate and unauthorized. They will be denied and stricken. The filing of these unauthorized motions will not jeopardize Mr. Coman's right to file, or hire an attorney to file, an appropriate §2255 motion.

IT IS THEREFORE ORDERED that the **Motion to Vacate Under 28 U.S.C. §2255** (#154), the **Second Motion to Vacate Under 28 U.S.C. §2255** (#159), and the **Motion to Transfer Pro Hac Vice Documents from 2:12-cv-034-GWN-GWF** (#166) are denied and stricken.

IT IS FURTHER ORDERED that the United States' **Motion to Dismiss Defendant's 28 U.S.C. §2255 Motion** (#161) is granted.

IT IS FURTHER ORDERED, and CLARIFIED, that Bruce W. Nickerson is not authorized nor granted permission to represent Thomas Comans III in any matter before this Court, nor is Gabriel Grasso presently authorized to represent the Defendant Thomas Comans III.

Dated: May 1, 2012.

_____
**Roger L. Hunt
United States District Judge**